## THE STATE v. KLINE.

1. **Criminal Law:** EVIDENCE: MOTIVE FOR COMMISSION OF CRIME. Upon the trial of a man charged with an assault upon a woman with intent to murder, evidence that the prosecuting witness had been seduced by the defendant, and at the time of the assault was pregnant with an illegitimate child, of which he was the father, was held competent, as tending to connect the defendant with the crime by showing a motive for its commission.

2. ——: ——: ALIBI. Instructions as to the burden of proof upon a defense of *alibi*, and the weight to be given certain evidence, considered and approved.

### Appeal from Jones District Court.

### MONDAY, JUNE 21.

THE defendant was indicted for an assault with intent to murder one Anna Rickel. Upon a trial he was convicted of the crime charged in the indictment, and he appeals.

*I. M. Preston & Son*, and *A. J. Munroe*, for appellant.

*J. F. McJunkin, Attorney General*, for the State

ROTHROCK, J.—I. It appears from the evidence that Anna Rickel, who was a single woman, was living at the house of one Haskins. She slept in a room upon the ground floor. There was a window near the bed in which she slept. On the night of the 19th of April, 1878, at about eleven o'clock, some one raised the window and discharged a shot-gun loaded with shot toward the bed. She was wounded upon the arm and on the right side of the head. The gun was so heavily loaded, and the discharge was at such short range, that the shot passed through the head-board of the bedstead, making a hole two or three inches in diameter, and through the side of the house, and into a fence some twenty-seven paces from the house. That the person who discharged the gun is guilty of

the crime charged in the indictment is not denied, nor could such denial well be made under this state of facts. The evidence against the defendant was wholly circumstantial, and consisted mainly in the finding of a shot-gun about six or seven feet from the house on the morning after the shooting, which gun was claimed to be owned by the defendant, and in his possession up to the time the crime was committed. It was also sought to connect the defendant with the crime by means of the alleged identity of certain foot tracks found near the house, and going from and toward it, with tracks made by boots worn by defendant.

Anna Rickel testified that at the time she received the injury she had been seduced by the defendant under promise of marriage, and that she was then pregnant with an illegitimate child, of which the defendant was the father; and that defendant procured medicine for her, to produce an abortion, and solicited her to take it; that the last time he visited her was about two weeks before she was shot, and that he then said that was the last time he would visit her. The defendant objected to all this evidence as incompetent and inadmissible, and now insists that the objection should have been sustained because it was not competent for the State to prove another distinct and different indictable offense, and because the evidence tended to impeach the character of the defendant by proving criminal conduct other than that charged in the indictment. It is a general rule that evidence of a distinct substantive offense cannot be admitted in proof of another offense. But this rule is subject to the exception that whatever serves to establish the *scienter* or *quo animo*, or a motive for the commission of the crime charged, may be shown. See *State v. Walters*, 45 Iowa, 389. Where a husband was on trial for the poisoning of his wife, and the State introduced evidence tending to show criminal intimacy between the defendant and another woman prior to the death of the wife, it was held such evidence was proper as tending to show that " the affections of the husband were alienated

from the wife, and that he would therefore be more likely to desire her death." *State v. Hinkle*, 6 Iowa, 380. In the case at bar the fact that Anna Rickel was pregnant, and that the defendant was the father of her unborn child, would tend to show a motive for desiring her death, that the shame and scandal of the birth of an illegitimate child might not attach to him.

II. The defendant excepted to the ninth instruction given by the court to the jury. As the ninth and tenth instruc-

2. ——: ——:  
 alibi.

tions, although separately numbered, are really upon the same subject, they should be considered together. They are as follows:

" 9th. The defendant has offered evidence tending to show that at the time of the alleged assault he was absent some considerable distance from where the transaction occurred. On this subject you are instructed that if you believe, from a preponderance of evidence, that defendant was at the house of Michael McLaughlin at the time the alleged crime was committed, your verdict should be for the defendant. The defendant is not required to prove an *alibi* beyond a reasonable doubt, but it is sufficient if you are satisfied by a preponderance of evidence that defendant was at the house of said McLaughlin at the time said crime, if any, was committed.

" 10th. By a preponderance of evidence as herein mentioned is meant, not a greater number of witnesses, but the greater weight of the testimony. If the circumstances in evidence, taken together, in your judgment outweigh the testimony of any number of witnesses, then you will be authorized to award the preponderance to the circumstances, and render your verdict accordingly. But you will remember that if, from all the evidence, there is a reasonable doubt of defendant's guilt, he must be acquitted, whether that doubt arises from a defect in the evidence on the part of the State or from evidence introduced by defendant."

These instructions are in harmony with the rule as an-

nounced in *Com. v. Webster*, 3 Cush., 324, and followed by this court in *State v. Vincent*, 24 Iowa, 570. And see, also, *State v. Hardin and Henry*, 46 Iowa, 623. A majority of the court are of the opinion that the rule of these cases is correct. Indeed, taking these instructions together, they are more favorable to the defendant than the rule announced in the cases cited. The closing sentence of the tenth instruction, which seems to be a qualification of all that precedes it, is in nearly the same language, and certainly embodies the same idea as that conveyed by the court in *State v. Waterman*, 1 Nev., 543 (552), in which it was held that the defendant was not required to satisfy the jury of the truth of an *alibi* by testimony.

III. Exception was taken to the twelfth instruction of the court to the jury. In this instruction the jury were informed that the evidence tending to show that defendant had promised to marry the prosecuting witness, and that she was pregnant at the time the alleged crime was committed, that she had given birth to a child of which the defendant was the father, could only be considered as circumstances tending to show a motive for the commission of the crime charged, and should not be considered for any other purpose.

It is complained of this instruction that it assumes that if an adequate motive was shown then the defendant is guilty. But we cannot see how any such inference can be drawn. It appears to us that the instruction was not only correct, but highly proper. Its only purpose and effect was to confine the jury to a proper consideration of that particular evidence.

IV. It is objected that the record does not show that the defendant was present when the jury returned the verdict. The abstract merely recites that the jury returned a verdict of guilty as charged. It does not affirmatively appear that the defendant was absent when the verdict was returned. Error must affirmatively appear, and, in the absence of a showing that the defendant was absent, we must indulge the

presumption that he was present. This presumption is strengthened by the fact that the defendant in his motion for a new trial, which was filed on the same day that the verdict was rendered, does not make the point that he was not present at that time.

It is urged that the verdict is not supported by the evidence. We cannot review all the circumstances from which the State claimed a conviction, and which the jury and the court below deemed sufficient to condemn the defendant. It would require pages of our reports to do so, and would involve an examination into many circumstances which, though unimportant in themselves, yet, when considered in connection with other established facts, point to the defendant as the perpetrator of this most cowardly and well-nigh fatal assault. It is enough to say that while it may be true there is a doubt of the defendant's guilt, viewing this evidence as it appears to us in the record, yet we cannot put ourselves in the place of the jury and the court below, who heard the evidence as it fell from the lips of the witnesses, and who had the advantage of the many other aids in arriving at the truth which a trial at *nisi prius* upon oral evidence affords.

AFFIRMED.