The State v. Hamilton.

THE STATE v. HAMILTON.

1. **Criminal Law**: AMENDMENT OF ABSTRACT: PRACTICE. After the final submission of a criminal cause the defendant filed a motion for leave to amend his abstract, but made no showing therefor, and did not ask to set aside the submission. *Held*, that the amendment could not be allowed.

2. ——: DEGREE OF PROOF: JURY: REASONABLE DOUBT. While a juror who entertains a reasonable doubt of the defendant's guilt is not required to surrender his convictions, because the other jurors have no such doubt, yet the refusal to so instruct, where the court gave the usual instructions in regard to the degree of proof required, was not error.

The State v. Hamilton.

3. ———: ALIBI: BURDEN OF PROOF. It is now the settled law of this State that where, in a criminal case, the defense of an *alibi* is relied upon, the burden of proof is on the defendant to establish such defense by a preponderance of the evidence.

4. ———: ———: ADAMS, J , *dessenting*, *held*, that if the evidence to establish an *alibi* was such as to raise a reasonable doubt of the defendant's guilt, the jury would be justified in acquitting. DAY, J., *concurring*.

## Appeal from Des Moines Circuit Court.

### TUESDAY, DECEMBER 20.

THE defendant was tried and convicted of the crime of robbery, and he appeals.

*J. M. Virgin*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, J.—I. Before the submission of this cause the attorney-general filed a motion to strike out all that part of the transcript and abstract purporting to be the evidence, interrogatories and rulings of the court, and interlocutory questions, upon the ground that there is no certificate nor bill of exceptions signed by the judge of the District Court making the evidence and said proceedings of record. An examination was made of the transcript and abstract, and the motion being well taken was sustained. The cause was thereupon finally and fully submitted. Afterward the defendant filed a motion for leave to file an amendment to his abstract within thirty days. No motion was made to set aside the submission of the cause. The attorney-general resisted the motion to amend upon the ground that the submission had not been set aside, and because no showing was made for leave to amend. The cause comes to us in this condition.

*1. CRIMINAL law: amendment of abstract; practice.*

We do not think the application to amend is sufficient. It is not claimed that any bill of exceptions was at any time signed by the trial judge, and filed in the case, nor that any

certificate of the judge to what purports to be evidence was ever appended thereto. We have what purports to be a complete transcript of the record in the court below, and as it appears to us, no amendment of the abstract can be made which will make the evidence available here, because the transcript does not justify such an amendment.

II. It is claimed that a motion for a continuance should have been sustained. It does not appear to us that there was any abuse of the discretion of the court in overruling the motion. It might appear otherwise if the evidence upon which the case was tried was of record.

III. The defendant asked the court to instruct the jury in substance, that if any juror entertained a reasonable doubt of defendant's guilt he was not required to surren-

2. ———: degree of proof: jury : reasonable doubt.

der his convictions because other jurors entertained no such doubts. The instruction was refused and the court gave the usual instructions upon the degree of proof required to convict. Substantially the same instruction was asked in *State v. Rorabacker*, 19 Iowa, 154, and the refusal to give it was approved by this court. Of course each juror is to act upon his own judgment. He is not required to surrender his convictions unless convinced. He may be aided by his fellow jurors in arriving at the truth, but he is not to find a verdict against his judgment merely because the others entertain views different from his own. But a jury need not be advised of so simple a proposition. The usual method of instructing upon the measure of proof required in criminal cases is sufficient.

IV. The defendant claimed that he was at another place when the robbery was committed. The court instructed the jury that the burden of proof was on the defend-

3. ———: alibi : burden of proof.

ant to establish the fact that he was *not present*, by a preponderance of evidence. This instruction was correct and is now the settled law of the State. *State v. Vincent*, 24 Iowa, 570; *State v. Hardin & Henry*, 46 Id., 623; *State v.*

The State v. Hamilton.

*Red*, 53 Id., 69; *State v. Kline*, 54 Id., 183; *State v. North-rup*, 48 Iowa, 583.   We find no error in the record.

AFFIRMED.

ADAMS, CH. J., *dissenting.*—In my opinion, if the evidence introduced to show that the defendant was at another place when the robbery was committed, was such as to raise a reasonable doubt of his guilt, the jury would have been justified in acquitting. Code, § 4428. Now it is manifest that such doubt might be raised by evidence which could not be said to preponderate over the evidence leading to a different conclusion.   This court has never undertaken to abrogate the rule that a reasonable doubt of guilt justifies an acquittal.   It has, indeed, recognized this rule in the very cases relied upon by the majority as holding that when the defendant relies upon proving an *alibi* he must prove it by a preponderance of evidence.   Both rules cannot be correct because they are inconsistent with each other.   No jury can follow both.   Let us suppose a case where the evidence of an *alibi* does not preponderate, but does raise a reasonable doubt of guilt.   What shall a jury do?   If they follow the instruction that the evidence of an *alibi* must preponderate they must convict and disobey the instruction as to reasonable doubt.   On the other hand, if they follow the instruction as to reasonable doubt they must acquit and disobey the instruction as to the evidence of an *alibi*.   I cannot regard the rule adopted by the majority as to evidence of an *alibi* as being the established doctrine of this court, so long as it is inconsistent with another rule to which the court still adheres.   If the court adopts the rule in question as to an *alibi*, then to be consistent it should modify the rule as to reasonable doubt.   The rule as modified would be as follows: A reasonable doubt of guilt is sufficient to justify an acquittal, unless it is raised by evidence of an *alibi*, and if it is, then it is not sufficient.

But the rule adopted as to *alibi* appears to me to be wrong for another and still more cogent reason. In a civil action it is sufficient for the defendant to establish his defense by evidence which *balances* that of the plaintiff. According to the rule in question adopted by the majority, the defendant in a criminal action must prove his innocence by evidence which *overbalances* the evidence introduced to prove his guilt if the evidence of his innocence simply is that he was where he could not have committed the crime. The adoption of the rule in question requires a modification of the rule as to the presumption of innocence. The true doctrine under such rule would seem to be that the evidence of guilt is aided by a presumption of guilt, if the evidence of innocence relied upon is the evidence of an *alibi*.

The majority, it appears to me, have been misled by reason of the fact that there is generally a well grounded suspicion attached to evidence of an *alibi*. It often comes from such sources that it should be greatly distrusted. The most direct and positive testimony may often very properly be regarded as entitled to but little if any weight. But to the extent that it does have weight, it should have the same effect which any other evidence of equal weight has. If it has weight enough to balance the evidence of guilt it should certainly be sufficient. And I think it should be sufficient if it raises a reasonable doubt. The views which I have expressed are supported by *French v. State*, 12 Ind., 670, where the question is very ably considered and the authorities reviewed. It is not to be denied that the rule now adopted by the majority finds some support in *dicta* which have crept into opinions in one or more cases in this court, and from implications arising from rulings in other cases; but we have never been asked before to go quite as far as we are asked to go now. An examination of the cases in which the *dicta* and implications are found will show that there has always been a minority unprepared to adopt the rule now adopted. In my opin-

ion the instruction cannot properly be approved, and I am authorized to say that Mr. Justice Day concurs with me in this view.