STATE v. BLUNT.

1. **Criminal Law:** MISCONDUCT OF DISTRICT ATTORNEY. If it were admitted to be true, as alleged, that on the trial for an assault with intent to commit rape, the district attorney pointed out the defendant to the prosecutrix before she identified him as the person who made the assault upon her, this court is not prepared to say that such misconduct would be sufficient ground for reversing the judgment of conviction. It would weaken the testimony of the prosecutrix on the point of identification, but of that the jury could judge.

2. ———: ALIBI: TESTIMONY TO PROVE. The court instructed the jury as follows: "It is recognized in the law that the defense of *alibi* is one easily manufactured, and jurors are generally and properly advised by the courts to scan the proofs of an *alibi* with care and caution;" *held* correct in law and properly given in this case.

*Appeal from Floyd District Court.*

THURSDAY, OCTOBER 5.

THE defendant was tried in the court below under an indictment for an assault with intênt to commit a rape, and was convicted. He appeals.

*J. S. Root*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, J.—I. When the complainant was on the stand as a witness, she identified the defendant as the person who committed the assault upon her. It is claimed that the judgment should be reversed because the district attorney, before the witness, answered the question whether she could see defendant in the court room, pointed him out to her. Affidavits have been submitted on both sides as to what oc-cured at that time, and, if that which is certified by the court and sworn to by others on the part of the State is true, there was no improper action by the district attorney. Even if he did point out the defendant to the witness, we are not prepared to say that the judgment should be reversed for that reason. Of course, the testimony of the witness as to the identity of

the defendant would be very much weakened by such conduct on the part of the prosecutor, but of that the jury could judge.

II. The evidence, which, by a suspension of the rule, has been submitted to us upon the transcript, is somewhat voluminous. We have read and examined it with care, and, without detailing the facts sworn to by the witnesses, will say that in our opinion there is no escape from the conclusion that the defendant committed an outrageous assault upon the prosecutrix.

III. The defendant relied upon an *alibi* as his defense. The court, in its instructions to the jury, after properly explaining this defense and the rules of law governing it, stated that: "It is recognized in the law that the defense of *alibi* is one easily manufactured, and jurors are generally and properly advised by the courts to scan the proofs of an *alibi* with care and caution." It is urged that this instruction is erroneous.

We think the court in giving the caution did no more than was proper. That the proposition is correct there can be no doubt. It accords with the observation of every one of experience in criminal tribunals. Besides, there can be no prejudice in cautioning the jury to closely and carefully scan the proof in every case. In this case, in the very same connection, the court advised the jury that a charge of this crime is one easily made, hard to be proved, but still harder to be defended, even by the innocent, and they should not "suffer their indignant feelings to control or influence their judgment when considering such cases, but they should bring to the consideration of the evidence in the case their cool, deliberate, dispassionate judgment alone."

Taking these instructions together, there was no prejudice to the defendant in them. They do not state incorrect propositions of law, and have no tendency to show any bias in the learned judge who tried the case, either for or against the defendant. We find no error in the record.

AFFIRMED.