The State v. Rowland.

---

THE STATE v. ROWLAND.

72 327
89 113
72 327
124 413

1. **Larceny:** VERDICT: CONFLICTING EVIDENCE. The evidence on which defendant was found guilty of larceny was conflicting, and therefore this court cannot say that it was not sufficient to support the verdict.

2. **Criminal Law:** CHANGE OF VENUE: DISCRETION OF COURT. A motion for a change of venue on account of excitement and prejudice against defendant in the county was supported with affidavits and resisted with counter affidavits. *Held* that it was a case for the exercise of the trial court's discretion, which, in the absence of evidence of abuse, this court wil not interfere with.

3. ———: ALIBI: BURDEN OF PROOF. In order to authorize a verdict of acquittal on the ground of an *alibi*, it must be established by a preponderance of the evidence. (See *State v. Hamilton*, 57 Iowa, 586, and *State v. Reed*, 62 Id., 40.)

4. ———: ———: INSTRUCTION. An instruction to the jury that they should scan with care and caution the testimony introduced to establish an *alibi*, because it is a defense easily manufactured, *held* correct. ( *State v. Blunt*, 59 Iowa, 468, followed.)

*Appeal from Clarke District Court.*

THURSDAY, JUNE 9.

DEFENDANT was indicted and convicted of grand larceny, and now appeals to this court.

*M. L. Temple*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J—I. The indictment charges the defendant with

stealing four head of cattle.    It is insisted that the evidence

**1. LARCENY:**
**verdict: con-**
**flicting evi-**
**dence.**

fails to connect him with the larceny, which is clearly established.    But, in our opinion, the most that can be said upon this point is that it is a case of conflict of evidence.    The defendant was identified by several witnesses as the person, or one of the persons, seen driving cattle on the road to the butcher's to whom the stolen cattle were sold.    That the cattle sold to the butcher were stolen cannot be doubted.    An accomplice in the crime testified to defendant's guilt, and his evidence is corroborated by other testimony.    The defendant attempted to establish an *alibi*, but the evidence bearing upon this point was also conflicting.    We think there is no ground to hold that the verdict is not the expression of the conclusion of the jury reached in the honest and intelligent exercise of their discretion.

II.    The defendant petitioned for a change of venue on the ground of prejudice and excitement against him in the

**2. CRIMINAL**
**law: change**
**of venue:**
**discretion of**
**court.**

county, and supported his petition by affidavits of himself and three others.    The state filed contradictory affidavits.    The record does not show that the district court failed rightly to exercise the lawful discretion with which it is clothed in applications of this kind. We cannot say, upon consideration of the record before us, that justice required the venue of the case to be changed.

III.    The district court instructed the jury that the *alibi* relied upon by defendant, in order to authorize a verdict of

**3. ——: alibi:**
**burden of**
**proof.**

acquittal, must be established by a preponderance of the evidence.    While counsel for defendant complains of the instruction, he does not deny that the rule it announces is the recognized doctrine of this court. See *State v. Hamilton*, 57 Iowa, 596, *State v. Reed*, 62 Id., 40.

IV.    Another instruction directed the jury that they should scan the testimony introduced by the defendant to

**4. ——: ——:**
**instruction.**

establish the *alibi* with care and caution, as it is recognized under the law as a defense easily manufactured.    An instruction in substantially the same lan-

guage was approved by this court in *State v. Blunt*, 59 Iowa, 468. We discover no reason for now changing our prior conclusion that the instruction is correct.

The foregoing considerations dispose of all questions discussed by counsel. The judgment of the district court is

AFFIRMED.