## STATE OF IOWA v. OWEN WORTHEN, Appellant.

**Rape:** PUBLIC TRIAL: EXCLUSION OF WITNESSES: RETIREMENT OF JURY.
1  In the trial of a criminal case, the court has authority to order
that defendant's witnesses be excluded from the court room during
the examination of other witnesses, and that the jury retire pend-
ing the argument of an application therefor, and no constitutional
right of defendant is invaded thereby.

**Evidence:** STATEMENTS OF PROSECUTRIX. Statements of a prosecuting
2  witness made in the presence of defendant, relating to his identity,
are admissible on the trial.

**Appeal:** EVIDENCE. Evidence admitted without objection cannot be
3  complained of on appeal.

**Alibi:** EVIDENCE. Where a witness testified in proof of an alibi, that
4  he was with the accused until nine o'clock of the night on which

the crime was committed, and that he did not see him again until the next morning, exclusion of further testimony from the witness as to the defendant's whereabouts during the night, was not prejudicial.

Instructions: BURGLARY: VENUE. A charge that the venue must be proven, and also that defendant broke and entered the house with intent to commit rape, and a subsequent charge, that to constitute burglary it must appear beyond a reasonable doubt that defendant broke and entered the house with intent to commit rape therein, were correct, and the jury could not have understood that the venue need not be proven.

Alibi: INSTRUCTIONS. A charge which in effect directs the jury to acquit, if there was a reasonable doubt of defendant's being present when the crime was committed, is not prejudicial, although there may have been an evident misuse of language.

Alibi: EVIDENCE. Even though an alibi is not established by a preponderance of the evidence, still it is to be considered by the jury, and if on the whole there is a reasonable doubt of defendant's guilt, he should be acquitted.

Instructions: ALIBI. An instruction to scan the evidence of an alibi with care is correct.

*Appeal from Benton District Court.*— HON. G. W. BURN-HAM, Judge.

TUESDAY, JULY 12, 1904.

THE defendant was convicted of the crime of breaking and entering a dwelling house in the nighttime with intent to commit rape. From a judgment on the verdict, he appeals. — *Affirmed.*

*Tom H. Milner,* for appellant.

*Chas. W. Mullan,* Atty. Gen., and *Lawrence De Graff,* Asst. Atty. Gen., for the State.

SHERWIN, J.— After the jury had been impaneled for the trial, the county attorney asked that the defendant's witnesses be excluded from the courtroom during examination of the other witnesses, and that they be kept apart from each

other. This was objected to by the defendant, whereupon the attorney for the State asked that the jury be excluded from the room during the argument of the request. The jury was thereupon retired in charge of an officer, and after a statement of the reasons for the request the court ordered the witness excluded, and the order was enforced. The action of the court in thus excluding the witnesses and in sending the jury from the room pending the argument is complained of. On the first point it is urged that the witnesses called for the defendant were a part of the general public, and that their exclusion from the trial was in violation of section 10, art. 1, of the Constitution of the State, in that it deprived the defendant of the public trial therein provided for. We do not think the sequestration of the defendant's witnesses infringed upon his constitutional right to a public trial. We are cited to no authority which so holds, while, on the other hand, many courts have held that the matter is within the sound discretion of the trial court in the absence of a statute on the subject. In Cooley's Constitutional Limitations (6th Ed.) 379, it is said: " The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with, and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is suffered to attend." This seems to be the recognized rule as to the public. See, also, Black's Constitutional Law (2d Ed.) 585; *People v. Kerrigan,* 73 Cal. 222 (14 Pac. Rep. 849); *People v. Swafford,* 65 Cal. 223 (3 Pac. Rep. 809). The constitutional guaranty of a public trial is for the purpose of securing to the accused a perfectly fair and honest consideration by his triers of the charge made against him, and further to prevent, in some measure at least, the giving of false testimony against him. Its purpose is not to aid him in pro-

1. PUBLIC TRIAL: exclusion of witnesses; retirement of jury.

ducing false testimony in his own behalf, and by so doing defeat the ends of justice. Where it appears, therefore, that the sequestration of the witnesses for either the State or the defendant will more certainly conduce to a fair trial and a just result, there can be no just complaint thereof. The rule is thus stated by Greenleaf in vol. 1, section 432, *et seq.* (16th Ed.): "If the judge deems it essential to the discovery of truth that the witnesses should be examined out of the hearing of each other, he will so order it. This order, upon the motion or suggestion of either party, is rarely withheld, but by the weight of authority the party does not seem entitled to it as a matter of right. It is not necessary that all witnesses should be excluded. The court has discretion to exclude some and to allow others to remain, and the asking party cannot complain that such exceptions are made." The same rule is stated in 1 Bishop on Criminal Procedure, section 1188; 3 Jones on Evidence, section 807, and cases cited; 3 Wharton on Criminal Law, section 3009, p. 73; *Zoldoske v. State,* 82 Wis. 580 (52 N. W. Rep. 778); Abbott's Crim. Trial Brief, section 338; *Dickson v. State,* 39 Ohio St. 73; *Davis v. Byrd,* 94 Ind. 525; *Davenport v. Ogg,* 15 Kan. 363; *Hey's Case,* 32 Gratt. 946 (34 Am. Rep. 799); *People v. Boscovitch,* 20 Cal. 436. There was no error in excluding the jury while the question was being discussed; no constitutional right of the defendant was thereby invaded, and we pass the point without further comment.

The prosecuting witness was present while the county attorney was making the opening statement of the case to the jury. The record does not show a request that she be excluded, or an objection to her presence, and, so far as we are advised, she was properly there.

Some time after the crime was committed the defendant was taken to the home of the prosecuting witness, Mrs.

2. EVIDENCE: statements of prosecutrix. Spaulding, where she identified him as the man who had committed the crime; and the State was permitted to prove her statements relative thereto, made

in the presence of the defendant. There was no error in this. · *State v. Dennis,* 119 Iowa, 688.

The defendant, while in custody, made statements as to

**3. APPEAL:** the transaction which were offered in evidence
evidence. without objection. It is now too late to object
thereto, and, furthermore, the testimony was competent.

The defense was an alibi, and after a witness for the defendant had testified that he was with him in his brother's

**4. ALIBI:** house until about nine o'clock of the night when
evidence. the crime was committed, and that they then
separated, and the defendant went to bed, and that he did not
see him again until the next morning, he was asked if the defendant went anywhere that night, and was not permitted to
answer. The answer might very properly have been received,
but the undisputed evidence shows that the crime was committed at about eleven o'clock that night; hence it made no
difference whether the defendant left his brother's house before nine o'clock or not, the testimony of the witness showing
that he was there at that time, and that the witness knew nothing of his actions after he went to bed. The ruling was therefore without prejudice.

The court instructed that the venue must be proven, and
that it must also be proven that the defendant broke and. en-

**5. INSTRUCTIONS:** tered the house with intent to commit the crime
burglary;
venue. of rape, and in a subsequent paragraph of the
charge the jury was told that, to constitute the crime of burglary charged in the indictment, it must be proven beyond a
reasonable doubt that the defendant broke and entered the
house with intent to commit the crime of rape therein. These
instructions are correct, and the jury could not have understood from the last one that the venue need not be proven.

The tenth instruction given was as follows: " One of
the defenses interposed by the defendant in this case is what

**6. ALIBI:** is known in law as an alibi; that is, that the
instructions. defendant was at another place at the time of
the commission of the crime alleged, and you are instructed.

that such a defense is as proper and as legitimate, if proved, as any other, and all the evidence bearing upon that point should be carefully considered by the jury, and if, in view of all the evidence, the jury have any reasonable doubt as to whether the defendant was in some other place when the crime was committed, you should give the defendant the benefit of the doubt, and acquit him." There was evidently a misuse of language in this instruction, for the thought of the court clearly was that, if there was a reasonable doubt as to whether the defendant was present at the time and place when and where the crime was committed, they should acquit; and it must have been so understood by the jury. But, however, it may have been understood in this respect, it was not prejudicial to the defendant, because it, in effect, directed the jury to acquit if there was a reasonable doubt of the defendant's being present when the crime was committed, and this was favorable to the defendant.

The rule is that an alibi as a distinct issue must be established by a preponderance of the evidence. *State v. Hamilton,* 57 Iowa, 596; *State v. McGarry,* 111 Iowa, 709. But if the evidence in support thereof falls short of this, it is nevertheless to be considered by the jury, and if, upon the whole case, including the evidence of an alibi, there is a reasonable doubt of the defendant's guilt, there should be an acquittal. It is apparent, therefore, that the defendant cannot justly complain of the instruction.

7. ALIBI: evidence.

An instruction advised the jury to scan the evidence of an alibi with care and attention. It is a stock instruction, which has been often approved by this and other courts. *State v. Blunt,* 59 Iowa, 468; *State v. Rowland,* 72 Iowa, 327.

8. INSTRUCTIONS: alibi.

We find no prejudicial error in the record, and the judgment is therefore AFFIRMED.