STATE of Iowa, Appellee,

v.

Larry CARTER, Appellant.

No. 52701.

Supreme Court of Iowa.

Oct. 15, 1968.

Rehearing Denied Dec. 10, 1968.

Allen L. Donielson and Nolden Gentry, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Raymond A. Fenton, County Atty., Des Moines, for appellee.

MOORE, Justice.

On February 9, 1967 defendant, Larry Carter, was indicted in Polk County charged

with the crime of assault with intent to commit murder in violation of section 690.6, Code, 1966, to which he entered a plea of not guilty. On trial the jury returned a verdict finding him guilty of the included offense of assault with intent to commit manslaughter. April 10, 1967 the trial court sentenced him to be confined in the State Penitentiary at Fort Madison for a period not to exceed five years as authorized under section 694.5, Code, 1966. Defendant has appealed. We affirm.

The three questions presented on this appeal are whether (1) there was probable cause for issuance of a warrant for search of defendant's automobile, (2) instruction 13 on alibi was erroneous and prejudicial and (3) the trial court erred in allowing into evidence an unspent bullet found upon search of defendant's automobile.

About 5:30 p. m., December 23, 1966 Detective Nolan Nicholls and other Des Moines police officers received a police radio report the Globe Loan Company at East Euclid and Wright Streets had been held up. About 5:34 p. m. while enroute to the scene Nicholls heard another radio report concerning a shooting near the Seneca Pharmacy located seven and a half blocks from Globe Loan. Immediately thereafter the police radio dispatcher broadcast a description of the Globe Loan robber as a man wearing a hooded jacket with a burlap face mask stuffed in around the corners of the hood, also wearing gloves and dark clothing. Next came a description of the man who had done the shooting as a colored male driving a white Chrysler product.

Upon arriving at Globe Loan Detective Nicholls learned the robber had given the assistant manager a brown paper sack in which to place the money and had used a pistol. Thereafter Nicholls went to the Seneca Pharmacy at East 14th and Seneca Ave., where he talked to the victim of the attempted shooting, Mrs. Rose Marasco, and also a witness to the incident, Mrs. Pam Zug.

Mrs. Marasco related that as she drove her car into the south parking lot near the rear entrance of the pharmacy she noticed a light colored car parked at an angle to her left next to which a colored man of medium build and complexion was standing staring at her. While walking toward the pharmacy's rear entrance she happened to glance back over her shoulder and observed the same man pointing a pistol at her. About this time he fired a shot at her which luckily missed its mark. Mrs. Marasco ran quickly into the pharmacy where a pharmacist found her in a nearly hysterical condition.

Mrs. Pam Zug while walking to the pharmacy from her nearby apartment heard a loud sharp noise and observed what she described as a white Dodge Dart with the left taillight reflector broken out speeding out of the parking lot. She then entered the pharmacy and found Mrs. Marasco crying and extremely upset.

Detective Nicholls conducted an efficient search of the area near the shooting and found a .32 S & W lead bullet wedged between the sill and plate glass of a pharmacy window.

Des Moines Police Lieutenant Arthur W. Ferguson arrived on the scene in time to hear Mrs. Zug describe the white Dodge Dart. He immediately broadcast the description and shortly thereafter received a call from a fellow officer stating that defendant, Larry Carter, owned a vehicle fitting the description. Ferguson proceeded to defendant's residence at 909 East 17th Street but the car was not in sight.

After patrolling the nearby area for ten or twelve minutes Ferguson returned to find defendant backing his light colored Dodge Dart with its broken left rear reflector out of the driveway. As Ferguson approached, the defendant, a colored man of medium build and complexion, alighted from his vehicle and Ferguson asked him for his driver's license. At this time the officer noted a brown paper sack stuffed down in the front seat of defendant's auto-

mobile and also observed a burlap string hanging behind defendant's left ear. Following defendant's denial of his request to search the car Ferguson put defendant in the squad car and made a radio call requesting assistance and a search warrant for defendant's car and residence.

Detective Nicholls then went to the home of a municipal judge and submitted to him a search warrant application and stated the facts as known and related to him, including Ferguson's report.

In searching defendant's Dodge Dart, as authorized by the search warrant issued by the municipal judge, the officers found an unspent .32 S & W caliber bullet in the front seat.

Before trial defendant filed a motion to suppress and a motion in limine seeking to bar the State from all inquiry concerning the .32 S & W caliber unspent bullet. On hearing of these motions Officers Nicholls and Ferguson testified to the facts as set out above. Nicholls also testified he considered both the robbery and the assault were committed by the same person and that information on one crime would be logically applied to the other.

Both motions were overruled by the trial court and the bullet found in defendant's car was identified and admitted in evidence on trial. A ballistics expert testified it and the bullet found at the pharmacy were of the same caliber. Defendant testified he had a box of such bullets or shells at his home. He denied he still owned the gun in which they could be used on the day of the shooting.

I. Defendant's first assigned error is limited to his claim there was not probable cause for the search warrant and therefore the evidence regarding the unspent bullet should have been suppressed and not admitted in evidence.

■ A search warrant, of course, cannot be issued unless upon probable cause supported by oath or affirmation. Amendment 4, United States Constitution; Article I, section 8, Iowa Constitution.

The challenge of want of probable cause is familiar to us. We have discussed at length the questions surrounding search warrants and probable cause in State v. Hall, 259 Iowa 147, 151–153, 143 N.W.2d 318, 321; State v. Lampson, 260 Iowa 806, 149 N.W.2d 116, 118, 119; State v. Oliveri, Iowa, 156 N.W.2d 688, 690, 691, in each of which we quote this from United States v. Ventresca, 380 U.S. 102, 107, 108, 85 S.Ct. 741, 745, 746, 13 L. Ed.2d 684, 688, 689: "While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that 'the term "probable cause" * * * means less than evidence which would justify condemnation.' Locke v. United States, 7 Cranch 339, 348, 3 L.Ed. 364 (367), and that a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial. Draper v. United States, 358 U.S. 307, 311, 79 S.Ct. 329, 332, 3 L.Ed.2d 327 (331). As the Court stated in Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879 (1889). 'There is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.' Thus hearsay may be the basis for issuance of the warrant 'so long as there * * * (is) a substantial basis for crediting the hearsay.' Jones v. United States, supra, 362 U.S. (257), at 272, 80 S.Ct. (725), at 736 (4 L.Ed.2d 697 at 708, 78 A.L.R.2d 233). And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed * * * was "credible" or his information "reliable." ' Aguilar v.

State of Texas, supra, 378 U.S. (108), at 114, 84 S.Ct. (1509), at 1514 (12 L.Ed. 2d 723 at 729).

"These decisions reflect the recognition that the Fourth Amendment's comn. inds, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

■ Probable cause for the issuance of a search warrant exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable cause to believe an offense has been or is being committed. State v. Oliveri, supra, Iowa, 156 N.W.2d 688, 690 and citations.

■ Applying these now well established principles to the facts as we review them, we conclude defendant's first assignment of error is without merit. The trial court was correct in overruling defendant's motion to suppress and his motion in limine.

II. Defendant as required by section 777.18, Code, 1966, filed notice he would rely on an alibi.

On trial, defendant, his mother and a brother gave testimony from which the jury could have found he was at 909 East 17th Street, Des Moines, Iowa, his mother's home, when the shooting offense occurred.

Defendant's printed abstract of record is rather incomplete. The trial court's instructions to the jury are not in the abstract of the record except instruction 13. We have however reviewed them from a clerk's transcript.

Instruction 1 states: " * * * defendant can be convicted, if convicted at all, only upon the evidence given in open Court in this trial, and in accordance with the rules of law as laid down in these instructions."

Instruction 3 states: "The defendant is presumed to be innocent of the offense charged, and the burden is upon the State to overcome this presumption and establish his guilt thereof beyond a reasonable doubt. * * *"

Instruction 8, the element instruction on assault with intent to commit manslaughter, required the State to prove beyond a reasonable doubt "that the defendant did in Polk County, Iowa, on or about the 23 day of December, 1966, make an assault upon Rose Marasco * * *."

Instruction 13 of which defendant complains in his second assignment of error states: "It is the claim of the defendant that at the time of the shooting referred to herein he was at his mother's home at 909 East 17th Street in Des Moines, Iowa, and consequently that he could not have committed the offense charged herein or either of the included offenses. He seeks to establish this claim by a witness or witnesses who have testified herein and also by his own testimony. This defense is commonly known as an alibi.

"The defendant has the burden of establishing this defense by the greater weight of the evidence bearing upon it, and before you can acquit the defendant by reason of this defense you must find that he has established it by a preponderance or greater weight of the evidence bearing upon it. If he has established by the greater weight of the evidence that he was at his mother's home at 909 East 17th Street in Des Moines, Iowa, at such a distance from the Seneca Pharmacy that he could not have committed the crime charged herein you should return a verdict of not guilty.

"If the defendant has failed to establish this defense by a greater weight of the evidence you should still consider the evidence which has been introduced in support thereof, and if, after considering the case as made as a whole, including this evidence, you entertain a reasonable doubt as to his having committed the offense charged or either of the included offenses herein, you should return a verdict finding the defendant not guilty.

"You will understand that the burden of proof referred to in this paragraph rests upon the defendant only as to the proof that he was at his mother's home at 909 East 17th Street in Des Moines, Iowa, at the time the shooting occurred and at such a distance from the Seneca Pharmacy that he could not have been the person who did the shooting. By reason of this burden resting upon him, he is not bound or required to prove his innocence as to the whole case, for the burden of proof rests upon the State as to the case as a whole to prove the defendant guilty beyond a reasonable doubt before a verdict of guilty on any of the charges included herein can be returned against him.

"The terms 'preponderance of evidence' and 'greater weight of evidence,' as used in this instruction, are terms of practically the same meaning, and when it is said that the burden rests upon the defendant to establish his alibi by a preponderance or greater weight of evidence, it is meant that the evidence offered and introduced in support thereof to entitle the defendant an acquittal, should when fully and fairly considered produce the stronger impression upon the mind and be more convincing when weighed against the evidence introduced in opposition thereto."

The abstract of the record does not disclose what exception, if any, was taken to instruction 13 by defendant. Our research of the court reporter's transcript reveals defendant reserved his right to take exceptions to instructions until after the verdict.

Examination of the district court clerk's transcript shows defendant did within proper time after the verdict file exceptions to instruction 13. The exception taken is sufficient on which to base defendant's second assignment of error that it was error to put the burden on defendant to prove the alibi by a preponderance of the evidence. No ruling by the trial court on the exception to instruction 13 is shown in any of the records before us but from the court's denial of defendant's motion for a new trial it is apparent the trial court disagreed with defendant's contention. More careful and complete preparation of the abstract of record would have been helpful and timesaving to this court.

In State v. Hamilton, 57 Iowa 596, 598, 599, 11 N.W. 5, 6, (1881), this court said: "The defendant claimed that he was at another place when the robbery was committed. The court instructed the jury that the burden of proof was on the defendant to establish the fact that he was not present, by a preponderance of evidence. This instruction was correct and is now the settled law of the state. State v. Vincent, 24 Iowa 570; State v. Hardin & Henry, 46 Iowa 623; State v. Red, 53 Iowa 69, 4 N. W. 831; State v. Kline, 54 Iowa 183, 6 N.W. 184; State v. Northrup, 48 Iowa 583."

Since Hamilton we have consistently followed the rule therein announced and it is the recognized doctrine of this court. Some of the cases in which it has been followed are State v. Rowland, 72 Iowa 327, 328, 33 N.W. 137, 138; State v. Worthen, 124 Iowa 408, 413, 100 N.W. 330, 332; State v. Johnson, 221 Iowa 8, 20, 264 N.W. 596, 602, 267 N.W. 91; State v. Stump, 254 Iowa 1181, 1192, 1193, 119 N.W.2d 210, 217, certiorari denied 375 U.S. 853, 84 S. Ct. 113, 11 L.Ed.2d 80; State v. Post, 255 Iowa 573, 585, 123 N.W.2d 11, 21; State v. LaMar, Iowa, 151 N.W.2d 496, 504. In Hamilton and our more recent cases some members of the court have dissented on the ground such an alibi instruction shifts the burden of proof and thereby destroys the fundamental presumption of innocence.

The position of the dissenters is fully discussed in the Stump case dissent. Our established rule, however, has not been changed.

Our approved alibi instruction has recently come to the attention of the United States Court of Appeals, Eighth Circuit, in Johnson v. Bennett, 386 F.2d 677 (1967) and Stump v. Bennett, 398 F.2d 111 (1968). Each is a habeas corpus proceeding appealed from the United States District Court for the Southern District of Iowa where the trial court denied a writ sought by a prisoner whose conviction we had affirmed.

In Johnson v. Bennett the ruling of the trial court was affirmed. In Stump v. Bennett the trial court was reversed. Certiorari has been granted by the United States Supreme Court in Johnson, 390 U.S. 1002, 88 S.Ct. 1247, 20 L.Ed.2d 102 and has been requested in Stump. The constitutional question raised will no doubt be decided by the Supreme Court in the near future.

There is no presumption defendant was at his mother's home at the time of the shooting. The instructions given in the case at bar when considered as a whole do not deprive defendant of the benefit of the presumption of innocence. We therefore decline to overrule our long established rule on alibi at this time. We do however suggest in view of the pending question before the Supreme Court that the trial courts omit from the alibi instruction that part which puts the burden on defendant of proving an alibi by a preponderance of evidence.

■ We hold the trial court did not commit reversible error in giving instruction 13.

III. Defendant asserts the trial court erred in allowing the unspent .32 S & W bullet into evidence because "the seizure of the bullet itself was an illegal seizure in that it was not an 'instrumentality' of the crime and the property seized had not been used 'as a means or as one of the means' of committing or accomplishing the commission of a felony". In other words defendant relies on what has come to be known as the mere evidence rule.

■■ The mere evidence rule was specifically rejected by this court in State v. Raymond, 258 Iowa 1339, 142 N.W.2d 444, and subsequently abandoned by the Supreme Court in Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782. As a result evidentiary matter seized, in this case a bullet, need no longer be a fruit or instrumentality of the crime or contraband to be admissible, but need only be relevant and material to the inquiry.

Evidence otherwise properly seized is no longer subject to exclusion simply because it falls within the mere evidence classification. State v. Collins, Iowa, 152 N.W.2d 612, 615, 616. All cases cited by defendant were decided prior to Warden, Maryland Penitentiary v. Hayden, supra, and hence are not authoritative for the proposition claimed.

The judgment of the trial court is

Affirmed.

GARFIELD, C. J., and LARSON, SNELL and STUART, JJ., concur

RAWLINGS, MASON, BECKER and LeGRAND, JJ., dissent.

RAWLINGS, Justice. (dissenting).

I am unable to agree with the conclusion reached in Division II of the majority opinion relative to giving of jury instruction on alibi. In support hereof see dissent in State v. LaMar, 260 Iowa 957, 971, 151 N.W.2d 496, 504. See also Thomas v. United States, (9 Cir.), 213 F.2d 30, 32–

34; Glover v. United States, (8 Cir.), 147 F. 426, 430–433; and 49 Iowa L.Rev. 590.

I would reverse and remand for new trial.

MASON, BECKER and LeGRAND, JJ., join in this dissent.