**UNITED STATES of America,**
**Plaintiff,**

v.

**George ROLLINS, Defendant.**
**Crim. A. No. 6909.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Sept. 1, 1966.

J. H. Reddy, U. S. Atty., John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Dale Quillen, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This defendant Mr. Rollins waived a jury trial herein in writing with the approval of the Court and the consent of the government, Rule 23(a), Federal Rules of Criminal Procedure, and moved to suppress for use as evidence certain contraband seized by federal revenue agents in the execution of a search warrant. Rule 41(e) (5), Federal Rules of Criminal Procedure. By stipulation, the evidence received by the Court on April 19, 1966, is being considered both as to the motion for the suppression of such and as to the guilt or innocence of the

defendant. Comprehensive briefs have now been filed, and the matter has been considered thoroughly.

Revenue agent Pike obtained a warrant on January 24, 1966 from James C. McSween, Jr., Esq., a United States commissioner, to search certain premises where Mr. Rollins resided. The warrant was executed at a time when the defendant was absent from his home. The officers conducting the search found in the defendant's residence a complete distillery, including three stills (one of which was set up), two of which had been run so recently that they were too hot to be touched, and one of which contained mash which was fit for distillation. All the parts necessary to operate a still were present in the residence at the time it was searched. The officers also discovered therein one-half gallon of tax-unpaid whiskey. There were no signs posted on the premises to denote the presence thereon of a distillery of spiritous liquors.

Mr. Rollins was arrested after the raid at his place of industrial employment. He was advised of his rights to counsel, to remain silent, and the possible consequences of any statement he might make. Initially, he maintained his silence, but afterward, he advised the arresting officers voluntarily that the stills found in his residence belonged to him, and that he was unable to " * * * get ahead * * * " even though he was gainfully employed, so he had decided to make some whiskey so he could get some money ahead and do better. He stated further that he was renting the residence where the contraband was discovered by the searching officers from George Gunter.

Thus, if the aforementioned search was lawful, the Court is convinced beyond a reasonable doubt of the guilt of the defendant Mr. Rollins under all five counts of the indictment of March 21, 1966. A particularly difficult question is presented as to the validity of this search.

■ It should be stated at the outset that " * * * this Court is * * *

concerned to uphold the actions of law enforcement officers * * * following the proper constitutional course. This is no less important to the administration of justice than * * * [acquittals] * * * because of disregard of individual rights * * * under a system of justice responsive both to the needs of individual liberty and to the rights of the community. * * * * " United States v. Ventresca (1965), 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, 691 [10–11]. Courts recognize that affidavits for search warrants " * * * are normally drafted by nonlawyers in the midst and haste of a criminal investigation * * * * "; that " * * * such * * * must be tested and interpreted by [commissioners] and courts in a commonsense and realistic fashion * * * * "; and that technical " * * * requirements of an elaborate specificity * * * have no proper place in this area. * * * * " United States v. Ventresca, supra, 85 S.Ct. at 746, 13 L.Ed.2d at 689 [6–7]. Simultaneously, every person is entitled to the guaranty against unreasonable searches and seizures afforded by the Fourth Amendment to the Constitution of the United States, and courts seldom have the opportunity to articulate this guarantee except when the rights of an obviously guilty person are at issue.

The search warrant herein was issued on the date of its service. It was based on an affidavit of a law enforcement officer, concerned primarily with the laws proscribing illegal distilleries and other violations of federal internal revenue laws incident to their operation and to the handling of tax-unpaid whiskey. In summary, there are two foundations laid in the supporting affidavit: first, fresh hearsay information which was given to the affiant by an unidentified informant who the affiant concluded had proven his reliability; and secondly, the subsequent personal observation of the affiant, himself, in the form of something he heard in the neighborhood where the suspected residence was located.

■ Commissioner McSween had before him no adequate statement of sup-

porting facts, insofar as this affidavit reflects, to corroborate the conclusionary assertion of the aforementioned informant that an illegal distillery was present in the premises search herein. It does not appear in the affidavit *how* the informant *knew* that an illegal distillery was then present and had been operating in " * * * premises known as the George Gunter, alias, residence * * *." For all the affidavit shows, the hearsay information provided the officer by the informant might itself have been hearsay insofar as the informant was concerned. The affidavit did not set forth any facts to enable Commissioner McSween to determine for himself whether the informant had been " * * * proven reliable * * *." Accordingly, in making the judicial determination as to whether probable cause existed for the issuance of the search warrant, Commissioner Mc-Sween could have found nowhere in this part of the affidavit any affirmative allegations or other sufficient basis to enable him to find for himself, as a disinterested judicial officer, whether probable cause for the issuance of the search warrant existed. All that was available inferentially to him on which to base his finding of probable cause, from this source, was the conclusion of the affiant that the information the affiant had received from the informant was trustworthy because of the affiant's previous experience with the informant. In other words, the totality of the information available to Commissioner McSween in this respect was the mere affirmance by the affiant of the reported belief of his informant and the affiant's conclusion that the informant should be believed.

" * * * In Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159, a warrant was issued upon the sworn allegation that the affiant 'has cause to suspect and does believe' that certain merchandise was in a specified location. * * * The Court, noting the affidavit 'went upon a mere affirmation of suspicion and belief *without any statement of adequate supporting facts*,' id., 290 U.S.

at 46, 54 S.Ct. at 13 (emphasis added), announced the following rule:

'Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from *facts or circumstances* presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough.' Id., 290 U.S. at 47, 54 S.Ct. at 13. (Emphasis added.)

"The Court, in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, applied this rule to an affidavit similar to that relied upon here. Affiant in that case swore that the petitioner 'did receive, conceal, etc. narcotic drugs * * * with knowledge of unlawful importation * * *.' Id., 357 U.S. at 481, 78 S.Ct. at 1247. The Court announced the guiding principles to be:

'that the inferences from the facts which lead to the complaint "[must] be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." * * * The purpose of the complaint, then, is to enable the appropriate magistrate * * * to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion * * *.' 357 U.S., at 486, 78 S.Ct. at 1250.

"The Court, applying these principles to the complaint in that case, stated that:

'it is clear that it does not pass muster because it does not provide any basis for the Commissioner's determination * * * that probable cause existed. The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any

other sufficient basis upon which a finding of probable cause could be made.' Ibid.

"The vice in the present affidavit is at least as great as in Nathanson and Giordenello. Here the 'mere conclusion' that petitioner possessed narcotics was not even of the affiant himself; it was that of an unidentified informant. The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein', it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession. The magistrate here certainly could not 'judge for himself the persuasiveness of the facts relied on * * * to show probable cause.' He necessarily accepted 'without question' the informant's 'suspicion,' 'belief' or 'mere conclusion'.

" * * * Although an affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable'. Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate', as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, 357 U.S. at 486, 78 S.Ct. at 1250; Johnson v. United States, 333 U.S. 10, at 14, 68 S.Ct. 367, at 369, 92 L.Ed. 436, or, as in this case, by an unidentified informant." Aguilar v. State of Texas (1964), 378 U.S. 108, 110–114, 84 S.Ct. 1509, 1512–1514, 12 L.Ed.2d 723.

The initial foundation of the officer's affidavit herein is that on two (then) recent dates, he had " * * * received information from a proven reliable informant that there was an illicit distillery located * * * on premises known as the George Gunter, alias, residence," and that " * * * George Gunter has a record for this type of violation. * * * " Thus, as a beginning, the Commissioner was supplied with information which consisted of a mere conclusion that an illicit distillery was located in a dwelling house known as the George Gunter, alias, residence. The conclusion was that of the unnamed informant, and not of the affiant, himself. It was the conclusion of the affiant that his informant was " * * * a proven reliable informant * * *." The Commissioner was left unadvised as to the underlying circumstances supporting the informant's conclusion that an illicit distillery was present in the premises known as the George Gunter,[1] alias, residence. Probable cause for the issuance of a search warrant cannot be made out by an affidavit which is purely conclusionary, stating only an informant's conclusion without detailing any of the underlying circumstances which led the informer to such a conclusion. United States v. Ventresca, supra, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d at 689–690 [8, 9].

The Commissioner had the further information before him that the affiant had been " * * * at a point across a fence from the residence and about 50

---

**1.** The Court pretermits the question of the reference in the affidavit to the (apparently erroneous) fact that this George Gunter had a record for violating the law proscribing the possession of unregistered distilleries, because Commissioner McSween testified that he would have issued the search warrant had such statement not been included in the officer's affidavit.

There were at least two persons named George Gunter resident in Cocke County, Tennessee at this time.

yards from the residence when I heard metallic noises commonly heard about an operating still from the barrels containing mash *coming from the direction* of the residence. I have been an Investigator with the Alcohol and Tobacco Tax Division for four years and am thoroughly familiar with the sound of operating still apparatus. \* \* \* " [Italics supplied for emphasis.]

Is this personal observation of the affiant, himself, sufficient to accredit the hearsay information he had received from his informant? If the affiant, acting on the inspiration of hearsay information which he had previously received and which he believed to be reliable, saw, heard, smelled, felt or tasted something incriminatory when he subsequently visited the premises under suspicion, this might have lent such convincing credence to the hearsay information that Commissioner McSween would have been justified in finding that probable cause existed for the issuance of the requested search warrant. Cf. Jones v. United States, supra. Absent such accreditation of the hearsay information, the affidavit herein plainly was insufficient to justify the Commissioner's finding of probable cause for his action.[2]

The affiant did not state in his affidavit under consideration by Commissioner McSween that he saw, smelled, tasted or felt anything incriminatory in the vicinity of the suspected premises. All that is contained in the affidavit is the affiant's statement that, in effect, he heard suspicious noises.[3] He does not even state that these noises were emanating from the suspected premises, merely that they were " \* \* \* coming from the direction of \* \* \* " the suspected premises. Obviously, these noises could have been coming from the direction of the defendant's dwelling and simultaneously have been emanating from other premises, insofar as the allegations of the affiant are concerned. The logical conclusion from this reading of the affidavit is that the affiant did not aver at any time that he gained *any* personal knowledge of the likelihood of illegal activity *within* the defendant's dwelling on his visit to the neighborhood where Mr. Rollins resided. The affiant was suspicious when he heard noises so familiar to him from his experience with distilleries. No doubt he believed that the noises he heard were emanating from an illegal distillery which he had been informed so recently was present in that dwelling. This part of his affidavit affirms his suspicion or belief, but: " \* \* \* Mere affirmance of belief or suspicion is not enough. \* \* \* " Nathanson v. United States, supra, 290 U.S. at 47, 54 S.Ct. at 13, quoted in Aguilar v. State of Texas, supra, 378 U.S. at 110, 84 S.Ct. 1509.

The obligation under the Fourth Amendment to justify the issuance of a warrant is the government's. Marron v. United States, supra.[4] The

---

2. The prosecuting attorney is in error in his contention that a search warrant " \* \* \* may be issued *solely* on the basis of hearsay information \* \* \* ", just as he misreads Evans v. United States, C.A. 6th (1957), 242 F.2d 534. See Marron v. United States (1927), 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, infra.

3. *As requested by the defendant, and not objected to by the prosecuting attorney,* the Court finds specially, Rule 23(c), Federal Rules of Criminal Procedure, that the noises heard by the affiant are not peculiar to an operating distillery, were not distinguishable by him from sounds emanating from a metallic wash tub, milk container or garbage pail, and may be commonly heard within, or in, the vicinity of, residences in the type of neighborhood where Mr. Rollins' dwelling was located. The remaining such requests of May 14, 1966, hereby are denied.

4. The reference to " \* \* \* premises known as the George Gunter, alias, residence \* \* \* " in the affidavit and search warrant is not fatal to either's legality. There were included in those documents particular and specific directions as to how the premises to be searched were to be reached, and it is undisputed in this record that such could be reached by the following of those directions. The Fourth amendment to the federal constitution is satisfied if the de-

Court finds and concludes that the government has not justified the issuance by Commissioner McSween of the search warrant in this action.

Accordingly, the motion of the defendant Mr. Rollins for a suppression of the evidence of the contraband discovered in the search of the defendant's dwelling hereby is

Sustained.

 With such evidence excluded, the only remaining evidence against the defendant Mr. Rollins is his own voluntary admission of guilt as charged in the second and third counts of the indictment; but with evidence of the corpus delicti of these respective two offenses excluded, the guilt of Mr. Rollins on one or both of these charges is uncorroborated. The corpus delicti of an offense must be established by evidence outside of a defendant's confession. Martin v. United States, C.A.9th (1964), 335 F.2d 945, 951 [7–9]; United States v. Sapperstein, C.A.4th (1963), 312 F.2d 694, 696 [1]; Scarbeck v. United States (1962), 115 U.S.App.D.C. 135, 317 F.2d 546, 565 [13], certiorari denied, (1963), 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed.2d 1077, rehearing denied (1963), 375 U.S. 874, 84 S.Ct. 35, 11 L.Ed.2d 105; Masse v. United States, C.A.5th (1954), 210 F.2d 418, 420[2], certiorari denied (1954), 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105; Vogt v. United States, C.C.A.5th (1946), 156 F.2d 308, 310[4].

The Court, therefore, finds the defendant George Rollins not guilty as charged in each of the five counts of the indictment herein, and he hereby is

Released from custody.

scription identifies the place intended to be searched with sufficient distinction to enable the officer executing the warrant to identify and locate the place with a reasonable degree of effort. Steele v. United States (1925), 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757. The direction was not to the residence of George Gunter but to a place *known as* the George Gunter, alias, residence.

The defendant also claims that the evidence as to the results of the search should be suppressed because of the refusal of the government to reveal the identity of the informant who gave the revenue agent the aforementioned information which was included in the affidavit and resulting search warrant. The Court does not agree.

" * * * [A]s hearsay alone does not render an affidavit insufficient, the Commissioner need not have required the * * * [informant] * * * to be produced * * * so long as there was a substantial basis for crediting the hearsay. * * * " Jones v. United States, supra, 362 U.S. p. 272, 80 S.Ct. p. 736. The allegedly erroneous information concerning George Gunter's having "a record" for unlawful possession, custody or control of an unregistered distillery related, not to the reliability of the informer, but to the good faith of the statements made by the affiant, himself. There is no showing here from the statements of the affiant that he was guilty of bad faith or that he intentionally made any misrepresentations to the Commissioner in securing the warrant. Cf. Rugendorf v. United States, supra, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d p. 892.