**STATE of Iowa, Appellee,**

v.

**Anthony F. OLIVERI, Appellant.**

**No. 52800.**

Supreme Court of Iowa.

Feb. 6, 1968.

Rehearing Denied April 9, 1968.

Austin J. Rashid, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Michael M. Phelan, Deputy County Atty., Fort Madison, for appellee.

LARSON, Justice.

The sole issue presented by this appeal is whether the trial court erred in overruling defendant's motion to suppress evidence seized under a search warrant.

On March 28, 1967, a county attorney's information was filed in the District Court of Lee County, Iowa, charging the defendant, Anthony F. Oliveri, with possession of burglar's tools and other implements, contrary to section 708.7 of the Code of 1966. Subsequent to a plea of not guilty, the case came to trial on June 22, 1967, the termination of which resulted in the jury returning a verdict of guilty. The same day the court entered its judgment sentencing defendant to the Iowa State Penitentiary for a term not to exceed fifteen years.

On the evening of February 26, 1967, pursuant to information received from the Rochester Police Department of New York, several officers of the Fort Madison police

department arrested the defendant and Dewey Ayers at the Madison Inn Motel in Fort Madison, Iowa. Pursuant to and contemporaneous with the arrest, the officers made a preliminary search for weapons and found two pistols under the mattress of the defendant's bed. After discovering the pistols under the mattress, Captain E. R. Rainey, the officer in charge, delegated Officer William F. Hayes to obtain search warrants for the rooms occupied by the defendant, his wife, and Ayers, and the 1965 Cadillac owned by the defendant. Hayes then obtained the necessary warrants from the police judge of Fort Madison, Chauncy F. Schultz. The subsequent search of the defendant's room divulged work clothing, shoes, and a dirty jacket, in addition to the two pistols already found. A search of Ayers' room revealed, among other things, a quantity of loose coins in a paper sack. Items found in the defendant's car included a flashlight, a three-pound hammer, a tire bar, nail bar, a box of cartridges, and rolls of coins of assorted denominations. It is the search and seizure of the items under these warrants that gave rise to the questions raised in this appeal.

On June 19, 1967, an evidential hearing on a motion to suppress evidence was heard and overruled. It is this ruling that the defendant assigns as error. He contends that the trial court erred in overruling his motion to suppress evidence seized under a search warrant on the grounds that the evidence was illegally obtained, contrary to the provisions of the 4th and 14th Amendments of the United States Constitution and Article I, Section 8, of the Iowa Constitution, and for the further reason that there was no compliance with the provisions of Chapter 751 of the 1966 Code. We find no merit in this contention.

■ I. It is rudimentary that a search warrant cannot be issued unless upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. Amendment 4, United States Constitution; Article I, Section 8, Iowa Constitution. Defendant basically contends that there was no probable cause shown upon which a warrant could have been issued because the warrant was issued upon the strength of the applicant's belief alone. We have had occasion to consider similar contentions in the two recent cases of State v. Lampson, 259 Iowa 147, 149 N.W.2d 116 (1967), and State v. Hall, Iowa, 143 N.W.2d 318 (1966). In those cases we discussed the guidelines which govern probable cause. Probable cause for the issuance of a search warrant exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable cause to believe that an offense has been or is being committed. Berger v. State of New York, 388 U.S. 41, 87 S.Ct. 1873, 1881, 18 L.Ed.2d 1040 (1967); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed.2d 543; for extended discussion, see Carlson, The Law of Arrest, Search, and Seizure in Iowa (1967). In United States v. Ventresca, 380 U.S. 102, 107–108, 85 S.Ct. 741, 745–746, 13 L.Ed. 684, 688–689, the court states as to the existence of probable cause:

"While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that 'the term "probable cause" * * * means less than evidence which would justify condemnation,' Locke v. United States, 7 Cranch 339, 348, 3 L.Ed. 364, and that a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial. Draper v. United States, 358 U.S. 307, 311, 79 S.Ct. 329, 332, 3 L.Ed.2d 327. As the Court stated in Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879, 'There is a large difference between the two things to be proved [guilt and probable cause], as well as between the tribunals which determine them, and there-

fore a like difference in the quanta and modes of proof required to establish them.' Thus hearsay may be the basis for issuance of the warrant 'so long as there * * * [is] a substantial basis for crediting the hearsay.' Jones v. United States, supra, 362 U.S., at 272, 80 S.Ct., at 736, [4 L.Ed. 2d 697, at 708, 78 A.L.R.2d 233]. And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed * * * was "credible" or his information "reliable." ' Aguilar v. State of Texas, supra, 378 U.S. at 114, 84 S.Ct. at 1514, [12 L.Ed.2d 723, at 729].

"These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

■ It is also well established that issuance of search warrants by a disinterested magistrate empowered to issue warrants, who can evaluate the existence or nonexistence of probable cause, is to be preferred over the hurried action of peace officers who may happen to make arrests. United States v. Lefkowitz, 285 U.S. 452, 464, 52 S.Ct. 420, 423, 76 L.Ed. 877; Johnson v.

United States, 333 U.S. 10, 13–14, 68 S.Ct. 367, 369, 92 L.Ed. 436; Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed. 2d 828.

In the case of Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 735, 4 L. Ed.2d 697, the United States Supreme Court voiced the opinion that it strongly supported the preference for searches with a warrant and indicated in a doubtful or marginal case a search under a warrant may be sustainable where one without it would fail.

In the case at bar it is not seriously contended, nor can it be, that the officers involved were not possessed of information which would constitute probable cause for the issuance of a search warrant. In the hearing on the motion to suppress, Officer Frost said he and the other officers were present when the word came over the teletype via radio that these men were dangerous and had records in the State of New York involving robbery and burglary.

Captain Rainey testified inter alia that, prior to the issuance of the search warrants and pursuant to his request, a communication was received from the Rochester Police Department which stated that the defendant had a record of robberies, burglaries and assault, and that Mr. Ayers had a record of robbery, burglary, assaults and narcotics. The New York police also informed the Fort Madison police and Captain Rainey that the defendant had jumped a $7,500 bond on a charge of possession of burglary tools, and to use extreme caution in the apprehension of these men.

■ II. It has been well established by our court that the probable cause required by the constitution and statute does not have to be shown in the information for search warrant itself, but may be shown in an affidavit attached thereto or by sworn testimony taken before the magistrate prior to the issuance of the warrant. State v. Lampson, supra, Iowa, 149 N.W.2d 116,

119; State v. Doe, 227 Iowa 1215, 1221, 290 N.W. 518, 522; Krueger v. Municipal Court, 223 Iowa 1363, 1367, 275 N.W. 122, 125; Burtch v. Zeuch, 200 Iowa 49, 54, 202 N.W. 542, 544, 39 A.L.R. 1349. Defendant specifically contends the evidence here compels a finding that the search warrants were issued without probable cause because the magistrate testified he only considered the written matter in the information and the belief of the officer. We cannot agree, although it may be that here the written sworn information was not sufficient.

Appellant contends that the magistrate's conclusions as to what constituted "official information" to support issuance of the search warrants should be deemed controlling. Were this the case, strong support would appear for the proposition that these warrants were improvidently issued. The magistrate chose to characterize the written information as the "official information" in the hearing below. However, it is reasonable to believe that the magistrate heard testimony in addition to the written information in arriving at his decision that probable cause existed. Such taking of oral testimony is specifically authorized by Iowa law, and evidence under oath so received is equally "official" as that contained in the written information. The inappropriate characterization of only the written information as "official" by the magistrate is not controlling here, and it is especially significant that there was other testimony by the magistrate which revealed that he was aware of proof of probable cause other than that found in the written information. A conclusion that such proof was produced is supported by the testimony of other witnesses as well.

An ancillary question involves the controlling effect of any witness' testimony at a hearing to test the legality of searches and seizures. Were an issuing magistrate alone the controlling witness in respect to the nature of evidence which was received in connection with issuance of a search warrant, there would be no need to call any other witness at such hearing. This is not the case inasmuch as a suppression hearing might well include the testimony of other witnesses whose testimony bears on the point, including police officers with relevant evidence to offer. These witnesses may add to the testimony of the magistrate where his recollection is hazy, and may even contradict his recollection where that of the officer differs. In the instant case it appears that the suppression hearing was properly held. The magistrate testified that he was in command of information sufficient to supply probable cause, and other witnesses whose testimony supported that conclusion were heard. It is not fatal to the prosecution that the magistrate may have characterized some of the evidence supporting probable cause as "conversation", nor do such characterizations control our decision here. Probable cause may be supplied by information contained in the written information or stated to the magistrate under oath. It appears from the testimony of the magistrate and another officer that this procedure was followed.

At the hearing on the motion to suppress, the trial court felt there was an adequate showing that the search warrants were issued pursuant to a revelation of the circumstances and source of information by Officer Hayes. As we have pointed out, when a magistrate has found probable cause, reviewing courts are slow to invalidate the warrant by interpreting an affidavit or other information under oath furnished the magistrate in a hypertechnical rather than a realistic and common-sense manner. Doubtful or marginal cases in this area should be largely determined by preference to be accorded warrants. Jones v. United States, supra, 362 U.S. at 270, 80 S.Ct. 725. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. United States v. Ventresca, supra, 380 U.S. at 108, 85 S.Ct. 741. The evidence here, lib-

erally construed, revealed Officer Hayes advised the magistrate, while under oath, of the circumstances upon which he relied to show probable cause.

Leonard Carter, a captain on the Fort Madison police force, testified that he was present when the search warrants were procured by Officer William Hayes and that "Officer Hayes filled out the affidavits and signed it and was sworn, took the oath administered by the Judge."

Although he could not recall the details and events on this occasion, Chauncy F. Schultz, the police judge who issued the search warrants, testified as to the procedure he used in issuing search warrants in the following manner:

"MR. PHELAN: And an officer then fills out an information for a search warrant, is that right? MR. SCHULTZ: Yes.

"MR. PHELAN: And he brings the same to you is that right? MR. SCHULTZ: Yes.

"MR. PHELAN: And then you swear him in, is this correct? MR. SCHULTZ: That's right.

"MR. PHELAN: He swears to the information? MR. SCHULTZ: That's right.

"MR. PHELAN: And in addition to the swearing he also gives you what he knows about the case, is that correct? Mr. SCHULTZ: Yes.

"MR. PHELAN: And it is upon that information and *sworn testimony* that you issue search warrants? MR. SCHULTZ: That's correct.

"MR. PHELAN: To the best of your knowledge *is that what occurred on the evening of February 26, 1967?* MR. SCHULTZ: *Yes.*" (Emphasis added.)

Mr. Schultz recalled that Officer William F. Hayes had sworn to the information for search warrants and that he was informed of a radio communication the of-

ficer had received from the Burlington Police Department, from the Rochester Police Department, that one of these men was wanted by the State of New York, and that both were considered bad actors, although he couldn't swear they were alleged convicted criminals. He said, "It's been too long ago."

In an obvious attempt to get the magistrate to testify the only information under oath presented to him was that in the written affidavits, appellant's counsel did get a statement from the magistrate that "The official information is on the papers" and a "yes" answer from him to the question, "That is the only information you received officially for the issuance of these search warrants, is that right?" However, on cross-examination it clearly appears the magistrate believed only information in writing was "official information" and appeared unaware that the other information given to him by an officer under oath was also information upon which he could issue the warrants. Thus, the nub of appellant's contention here is that under the testimony insufficient evidence of probable cause was submitted to the magistrate under oath to justify the warrants issued, and that the trial court's denial of his motion to suppress was erroneous.

III. Unfortunately, additional information given by an officer under oath is usually not recorded and, after a lapse of time, memory often dims. When these circumstances are coupled with some confusion in the mind of a magistrate as to what the law considered adequate or "official information" under oath sufficient to permit the issuance of a search warrant, we are not surprised at appellant's contention. As pointed out, we, as other courts, must indulge in the presumption that the magistrate did perform his functions as required by law, and in the absence of compelling evidence to the contrary, must conclude from the sworn affidavits and the testimony of the officers that probable cause existed and was properly commun-

icated to the magistrate. The learned trial court evidently felt the appellant failed to overcome this presumption and considered the evidence obtained by these warrants was admissible. We agree.

It is clear to us the magistrate was given sufficient additional information by the officer's testimony before issuance of the search warrants to justify their issuance. Although it is not so clear that the officer furnishing that testimony was then under oath, and unfortunately Officer Hayes did not appear or testify at this hearing due to other evidence previously set out, we find no reversible error in the trial court's ruling. The law requires that the information given the magistrate to obtain these warrants be on oath. The question as to whether that was done here is a fact question resolved by the trial court after seeing and hearing the witnesses called in the motion to suppress. We are, of course, slow to overturn the trial court's conclusions under these circumstances and find nothing in this record which compels us to do so.

IV. Although there is some question raised as to the right of the officers to search defendant and his immediate surroundings at the time of his arrest, it is clear only a contemporaneous search justified for officer protection was made. Two guns were found under the bed mattress, but no serious complaint is made that this was an unreasonable search, and we do not find it so here.

■ Being satisfied that the evidence sufficient to establish probable cause was given the magistrate under oath, that the warrants were properly issued, and that the trial court did not err in overruling defend-

ant's motion to suppress, the case must be affirmed.

GARFIELD, C. J., and SNELL, MOORE, STUART, and MASON, JJ., concur.

RAWLINGS, BECKER, and LeGRAND, JJ., dissent.

RAWLINGS, Justice (dissenting).

I am unable to agree with the reasoning set forth or conclusions reached by the majority in this case and respectfully dissent. In my humble opinion information essential to issuance of a valid search warrant was not given the magistrate under essential oath or affirmation.

In support hereof see sections 751.3 and 751.4, Code, 1966; Ker v. State of California, 374 U.S. 23, 30–31, 83 S.Ct. 1623, 1628, 10 L.Ed.2d 726; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503; Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509; United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741; Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; Trupiano v. United States, 334, U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663; Gillespie v. United States, (3 Cir.), 368 F.2d 1; United States v. Rollins, (E.D.Tenn.), 271 F.Supp. 18; McGurry v. State, Ind., 231 N.E.2d 227; Bruce v. Commonwealth, Ky., 418 S.W.2d 645; State v. Kasabucki, 96 N.J.Super. 173, 232 A.2d 687; and Murphy v. State, Miss., 195 So.2d 519. See also 13 Drake L.Rev. 73.

BECKER and LeGRAND, JJ., join in this dissent.