**STATE of Iowa, Appellee,**

v.

**Manuel Frank SALAZAR, Appellant.**

No. 53208.

Supreme Court of Iowa.

Feb. 10, 1970.

George E. Wright, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., Robert B. Dickey, of Keokuk, County Atty., and Michael M. Phelan, Fort Madison, Deputy County Atty., for appellee.

REES, Justice.

The defendant, charged by grand jury indictment with possession of narcotic drugs in violation of section 204.2, Code, 1966, in advance of trial, moved to suppress evidence found in his room in the home of his parents and seized pursuant to a search warrant. During course of trial, appellant made timely objections to the introduction of the fruits of the search into evidence. Motion to suppress and objections to the introduction of the evidence were overruled. Trial jury returned a guilty verdict, and defendant was sentenced. He appeals. We reverse.

The only issue presented is whether or not the trial court erred in overruling defendant's motion to suppress evidence and the testimony relating thereto bottomed upon a claim of absence of probable cause for the issuance of the search warrant.

The search warrant involved here issued on February 16, 1968, by R. S. Flach, a justice of the peace in and for Madison Township, Lee County, Iowa, upon an Information verified by B. L. McGill, a state narcotics agent. In his verified Information the affiant stated,

"Bill McGill, Polk County, Iowa, being first duly sworn on oath states that he is a resident of _____, that he has good reason to believe and does believe, that certain personal property described as follows: narcotics, depressants or stimulant drugs, are being kept by Manuel F. Salazar on the premises of property owned by Luis A. Salazar and Marguerite Salazar, owners and occupants of the premises located at 3430 Avenue Q, Fort Madison, Iowa, in violation of the laws of the State of Iowa, and that said property above described is now in the following described place in said county and state: 3430 Avenue Q, Fort Madison, Iowa."

A search of the premises described in the Information and warrant was conducted on February 16, 1968, and in a dresser drawer in a room occupied by the defendant in the premises above described, there was found and seized "one pill—& (2) two capusels (sic) one small container glass or plastic with pot in it with a blue top one glass or plastic container with red top with cigarette buts (sic) in it marked on top—Lampe Drug Downtown Pharmacy". The return on the search warrant was executed by Deputy Sheriff Arnold, who participated in the search with Narcotics Agent McGill.

In addition to the abstracted record and the printed arguments, a clerk's transcript and a transcript of testimony have been certified to us. Justice of the Peace Flach called as a witness by the appellant at the hearing on the motion to suppress, testified in part as follows,

"Q. But at the time you issued the warrant you did not question Mr. McGill in any way as to what source of his information was beyond the fact that he stated to you he had reliable information? A. That's right, and that he didn't feel it would be right to put it through before the hearings.

"Q. That was his opinion as to why he didn't divulge it? A. That's right.

"Q. And you didn't inquire from him as to what this information was? A. He said that he had that information through informants and that was it.

"Q. So on the basis of the affidavit— his sworn affidavit which is on file—and on the basis of his sworn testimony which stated he had a reliable informant which he didn't divulge, you issued the search warrant? A. Yes, sir."

Narcotics Agent McGill also called as a witness by the appellant at the hearing on the motion to suppress, testified:

"Q. You did not divulge then the source of your confidential information to the magistrate? A. No, sir.

"Q. You were sworn in and you told the magistrate that you had a confidential informant that you felt was reliable? A. Yes, sir.

"Q. And that is the extent of your testimony then before the magistrate? A. Yes."

Narcotics Agent McGill testified on cross-examination by the prosecuting attorney that prior to signing the Information he was sworn by the justice of the peace and orally stated to the magistrate that the information contained in the affidavit, or information for search warrant was true and correct, and that he had confirmed a portion of the information which was given to him, McGill, prior to going to the magistrate's office. He did not testify to any of the information obtained by him in his efforts to confirm the advice which had been furnished him by his informant.

We must determine whether or not upon the foregoing record the justice of the peace was justified in finding that he had adequate probable cause to issue the search warrant.

I. The factual situation here is strikingly similar to the factual situation having to do with the issuance of the search warrant in State v. Spier, Iowa, 173 N.W.2d 854 (decision filed January 13, 1970). The affiant for the search warrant in the case at bar and in the Spier case was the same. On February 14, Narcotics Agent McGill received a telephone call in Des Moines

from Deputy Arnold in Fort Madison, who said that "an informant had told him" that Salazar had narcotics in his possession at his home. On February 16, Agent McGill went to Fort Madison and about two hours later swore out the affidavit stating that on the information of an undisclosed informant he had reason to believe that Salazar was keeping narcotics, depressants or stimulant drugs on the premises of Luis A. Salazar and Marguerite Salazar, the owners and occupants of premises located at 3430 Avenue Q, Fort Madison, Iowa. Neither the information for the search warrant nor the record makes any showing or representation as to the reliability of the affiant's informant other than the testimony of McGill to the effect that he had investigated the informant and thought he was reliable. The record discloses no other corroborating facts, either in support of the informer's reliability or other circumstances supporting the affiant's conclusions.

■■■ This Court has recently considered guidelines which govern probable cause. State v. Hall, 259 Iowa 147, 143 N.W.2d 318; State v. Lampson, 260 Iowa 806, 149 N.W.2d 116, cert. den. 390 U.S. 962, 88 S.Ct. 1065, 19 L.Ed.2d 1160; State v. Oliveri, Iowa, 156 N.W.2d 688, cert. den. 393 U.S. 1030, 89 S.Ct. 640, 21 L.Ed.2d 573. Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has *reasonably trustworthy information* are sufficient in themselves to warrant a reasonable belief that an offense is being committed. State v. Oliveri, supra, and cases therein cited. In this case, the "trustworthiness" of affiant's informant is not referred to in the written Information, and is referred to only in passing in the testimony of the affiant at the hearing on the motion to suppress. He stated that he had confirmed a portion of the information which had been given to him prior to going to the magistrate's office to secure the warrant, but did not testify to any of the information obtained by him in his efforts to so confirm the advice which had been furnished him. We recog-

nize that hearsay may be the basis for issuance of the warrant so long as there is a substantial basis for crediting the hearsay. Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, at 708, 78 A.L.R.2d 233, 244. An affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions and his belief that any informant involved whose identity need not be disclosed was credible or his information reliable. Aguilar v. State of Texas, 378 U.S. 108 at 114, 115, 84 S.Ct. 1509, at 1514, 12 L.Ed.2d 723, at 729.

■ II. It was not incumbent upon the affiant, Narcotics Agent McGill, to reveal to the magistrate the identity of his informant. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697; Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. It was, however, incumbent upon the affiant McGill to disclose to the magistrate sufficient underlying facts and circumstances from which he concluded that his informant was reliable. Aguilar v. Texas, supra. We

must conclude that the affiant's conclusory recital of the fact that he had "confirmed a portion of the information" was not sufficient to justify the magistrate in determining that probable cause was shown in keeping with established guidelines.

■ III. In view of our conclusion that we are governed here by the recent pronouncements of this court in State v. Spier, supra, extensive citations of authority would serve no useful purpose. We refer to the decision in Spier and the many citations of authority therein. We are constrained to conclude that the issuing magistrate was not justified in finding probable cause for the issuance of the warrant, and that the trial court erred in overruling the motion to suppress and the objections to the introduction into evidence of the items seized in the search of the premises described in the Information and search warrant, all to the prejudice of the defendant.

This case is therefore reversed and remanded for further proceedings in accord herewith and a new trial.

Reversed and remanded.

All Justices concur except MOORE, C. J., and SNELL, J., who dissent.