STATE of Iowa, Appellee,

v.

Richard Bruce ALLISON, Appellant.

No. 55454.

Supreme Court of Iowa.

April 25, 1973.

Hugh W. Lundy, Albia, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and James D. Jenkins, Monroe County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal presents several questions which arose in a prosecution for driving while under the influence of intoxicants, second offense.

About midnight on October 17, 1971, in Albia, Iowa, defendant drove his car onto the wrong side of the street and into another car. He left the scene but was soon apprehended. He submitted to a blood test, which revealed an alcohol concentration of 249 milligrams per 100 milliliters of blood. The county attorney charged him with driving while under the influence of intoxicants, second offense. He pleaded not guilty and stood trial.

At trial, the prosecutor introduced substantial evidence that defendant was driv-

ing his car on the occasion and that defendant was intoxicated. Defendant testified that on the day in question, which was a day off work, he cleaned the basement of his house in the forenoon, hunted squirrels in the afternoon, watched television at home in the evening, and went to a tavern at about 11:00 p. m., where he had only two bottles of beer. He testified he came out of the tavern, started out in his car, dropped a lighted cigarette into his lap, and ran into the other car while he was trying to retrieve the cigarette. He further testified he left the scene because he panicked, fearing he would lose his insurance.

The jury found defendant guilty in connection with the incident on October 17, 1971, and defendant acknowledged that he had been previously convicted on October 27, 1969, of driving while intoxicated. The trial court sentenced him, and he appealed.

Three questions must be considered in this appeal. Did the trial court err in refusing to order production of certain books and articles? Did James D. Jenkins lawfully hold the office of county attorney? Should the trial court have directed a verdict because the evidence showed defendant not guilty?

I. *Motion for Production.* Defendant moved before trial for production of (1) the officer's report on defendant's intoxication, (2) the chemist's report on the blood test, and (3) the medical texts, treatises, journals, and articles upon which the State's physician would base his opinion that a blood test of 249 shows intoxication. The trial court granted the first two requests but denied the third one, and defendant objects.

■ Had the State's physician rendered a report with respect to this particular case and defendant requested the State to produce it, a different question would be presented. But the trial court correctly refused to require production of the various learned books and papers upon which the physician held an opinion that a blood

test of 249 means intoxication. State v. Eads, 166 N.W.2d 766 (Iowa).

We find no error here.

■ II. *Office of County Attorney.* Defendant contends that the office of county attorney does not legally exist, and therefore James D. Jenkins could not occupy that office and charge defendant by county attorney's information. The basis for defendant's contention is this. The office of county attorney was removed from the Iowa Constitution by amendment. See 63 G.A. ch. 327. That left existence of the office dependent upon statutes. 21 G.A. ch. 73, 64 G.A. ch. 93. But the general assemblies which enacted those statutes were malapportioned and therefore the purported statutes are void. Hence the office of county attorney does not exist.

We have held, however, that otherwise valid statutes are not invalid because the legislature which enacted them was malapportioned. City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253. See Baker v. Carr, 369 U.S. 186, 250 n. 5, 82 S.Ct. 691, 727 n. 5, 7 L.Ed.2d 663, 705 n. 5.

The trial court did not err in rejecting defendant's contention.

■ III. *Directed Verdict.* The trial court overruled defendant's motion for directed verdict made at the close of the State's case in chief, and defendant did not then rest. Hence error cannot be predicated on that ruling. State v. Smith, 195 N. W.2d 673 (Iowa).

■ The trial court also overruled defendant's motion to direct made at the close of all the evidence. By that time defendant had testified about having had but two bottles of beer and about dropping the cigarette in his lap. He contends the State did not rebut this evidence and he was entitled to a directed verdict because "[t]he evidence presented by the Defendant established a preponderance of evidence that the Defendant was not guilty of the crime charged." But the trial court was required

to consider all the evidence and to determine whether substantial evidence of guilt had been introduced. State v. DeRaad, 164 N.W.2d 108 (Iowa); State v. Miskell, 247 Iowa 678, 73 N.W.2d 36. Abundant evidence of defendant's guilt had been introduced, and the trial court did not err in overruling the motion.

Defendant interspersed his argument in this court with the complaint that the arresting officer should have given him the Miranda warning at the scene of the arrest rather than at the police station. But the State did not rely on a confession or admissions by defendant. Defendant also argued that his motion for new trial should have been sustained, but it contained no new grounds.

The verdict and sentence must stand.

Affirmed.