**STATE of Iowa, Appellee,**

v.

**Allan VALDE et al., Appellants.**

No. 56652.

Supreme Court of Iowa.

Jan. 22, 1975.

Raymond Rosenberg, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Ruth R. Harkin, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendants were charged in separate county attorney's informations with the crime of possession of schedules 1, 2, 3 and 4 controlled substances in violation of Chapter 204, The Code, 1971, as amended by the Acts of the 64th General Assembly. The cases were consolidated for trial and the jury returned verdicts of guilty as to each defendant. They now appeal. We affirm.

The central question in this appeal is whether trial court erred in overruling defendants' motion to suppress evidence seized during a search, and in overruling objections urged at trial challenging the legality of the warrant pursuant to which the search was conducted. Defendants also contend trial court erred in overruling their motions for directed verdict made at the close of the State's evidence.

On November 25, 1972, a narcotics detective for the Ames Police Department, one Bill Johnston, met with Mr. & Mrs. Charles Handley, the owners of an apartment building at 139 North Sheldon in Ames, at Department Headquarters. The Handleys informed Johnston that during a routine inspection of apartment # 4 in their building they had noticed a quantity of plastic bags containing what they suspected to be marijuana in a wide open dresser drawer. They also said they had observed a small measuring scale in the apartment. It was conceded at trial defendants Thomas, Wood and McAlpin were the lessees of the apartment. When the Handleys made their first inspection of the premises, Valde was present in the apartment and the lessees were absent during a quarter break at the University.

After Mr. & Mrs. Handley reported their observations to Detective Johnston they accompanied him in approaching the magistrate, Judge McKinney, for the purpose of obtaining a search warrant. After hearing the testimony of Charles Handley and reviewing the application submitted by Detective Johnston, Judge McKinney directed that a search warrant be issued. The apartment in question was subsequently searched and the evidence defendants sought to suppress seized.

I. Defendants contend the information for search warrant failed to include a sufficient showing of the underlying facts and circumstances upon which the magistrate could independently reach a probable cause determination. They argue the search warrant was therefore improperly issued and trial court erred in overruling their motion to suppress evidence obtained by virtue of a search conducted pursuant to the warrant.

Admittedly, no underlying facts or circumstances were set out in the body of the search warrant application, where only the following appeared:

"That the facts and circumstances which lead me to believe that there is probable cause that a crime was committed, and that the above described premises, place, residence and/or automobile should be searched are as follows:

"(8) This Information received from a reliable source."

There can be no doubt reference by a search warrant applicant to "a reliable source of information" cannot be substituted for a reviewable factual showing, and a finding of probable cause cannot stand if no record was before the issuing magistrate of the specific details supplied by the claimed reliable source. See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; State v. Boer, 224 N.W.2d 217 (Iowa 1974); State v. Johnson, 203 N.W.2d 126, 127–128 (Iowa 1972); State v. Lynch, 197 N.W.2d 186, 191–192 (Iowa 1972); State v. Salazar, 174 N.W.2d 453, 455–456 (Iowa 1970); State

v. Spier, 173 N.W.2d 854, 858–859 (Iowa 1970). Such a situation is not presented here, however, for despite the lack of any showing of underlying facts and circumstances in the information for search warrant itself, the magistrate had before him comparable evidence upon which to make a probable cause determination in the form of testimony given by Charles Handley.

The information for the search warrant laid before Judge McKinney was supported by the sworn testimony of Charles Handley, who appeared with Detective Johnston at the time the information was presented to Judge McKinney. Judge McKinney endorsed upon the warrant certain testimonial facts which he summarized in substantial compliance with his responsibility as an issuing magistrate under § 751.4, The Code. Such summarization is as follows:

"11–25–72

"12:00 P.M.

"A person at this time to remain nameless appeared before the Court and after being placed under oath testified in substance as follows: That on this date he personally observed what he believed to be marijuana in a chest of drawers in Apartment # 4, 139 No. Sheldon, Ames, Iowa. That said marijuana is contained in plastic sacks and there are a number of sacks. That a small measuring scale is also present in the apartment. That the apartment is rented by Rick McAlpin, Tim Thomas, and Dixon Wood.

"The Court finds, probable cause and orders the issuance of the search warrant.

"/s/ John L. McKinney

"JUDGE"

The testimony so summarized amounted to a showing of underlying facts and circumstances by the source himself. Certainly such a factual showing before the magistrate was sufficient to establish the probability of criminal activity, to permit a reasonable conclusion defendants were in violation of Chapter 204, The Code. Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct.

584, 590, 21 L.Ed.2d 637, 645; State v. Jensen, 189 N.W.2d 919, 926 (Iowa 1971); State v. Oliveri, 261 Iowa 1140, 156 N.W.2d 688. The factual basis present in this case was therefore sufficient to justify the magistrate's determination probable cause for issuance of the search warrant existed.

■■■ II. Defendants contend alternatively that trial court erred in overruling their motion to suppress and in permitting into evidence items seized in a search conducted pursuant to the warrant because the magistrate in issuing the warrant failed to comply with § 751.4, The Code. Thus, they contend, the warrant was improperly issued and all evidence obtained by virtue of its execution should have been excluded at trial. Section 751.4 provides in pertinent part as follows:

"[I]f the magistrate thereafter issues the search warrant, he shall endorse on the application the name and address of all persons upon whose sworn testimony he relied to issue such warrant together with an abstract of such witness' testimony."

Clearly, the magistrate did not endorse upon the warrant the name of the witness Handley who appeared before him, was sworn and testified concerning the underlying facts and circumstances giving rise to his belief a crime was being committed. The failure of the magistrate to identify Handley by name, defendants assert, is fatal to the warrant and therefore any search conducted thereunder and any seizure resulting from that search are violative of their rights.

The reason witness Handley desired to remain anonymous does not appear in the record. However, it must be remembered all four of the defendants were occupying premises owned by Handley, three as lessees, and one apparently at the sufferance of the lessees. We think it might be safely assumed Handley was fearful of retribution in the event defendants became aware he had furnished information for the issuance of the search warrant. We made passing comment on a comparable situation in State v. Deanda, 218 N.W.2d 649, 651 (1974):

" * * * [T]he trial judge has the task of balancing the interests of the accused and the interests of the law enforcement agencies. In some cases the safety of an informer might well be involved."

The constitutional standard for searches is reasonableness. See Amendments 4 and 14, United States Constitution. States have considerable latitude in determining how this right is assured and guaranteed. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. The principal concern is the issuing magistrate's informed, neutral and advised conclusion as to probable cause.

The requirement of § 751.4, The Code, 1971, for the furnishing of names and addresses of sources does not appear to us to be an absolute. Facts may be supplied wholly by an undisclosed informant if there is a secondary guarantee of trustworthiness such as proof of the person's reliability or corroborating details furnished by the applicant for the warrant. In the instant case, the issuing magistrate had effective guarantees: the peace officer's oath as to the reliability of the informant appears on the face of the warrant (although admittedly insufficient standing alone to legitimatize the use of an undisclosed informant); the personal appearance and testimony under oath of the informant and the opportunity to question the informant personally to establish his detailed knowledge of facts and the probative value of the information furnished by him.

For us to conclude the magistrate in this case did not substantially comply with the spirit and intendment of § 751.4 would indeed lead us into strange ways and impel us to reach a ludicrous result. Had Detective Johnston appeared before the issuing magistrate with Handley and then taken Handley into the hallway and secured from him the information, and in turn disclosed Handley's hearsay information to the magistrate, the letter of § 751.4 would have

been complied with. We must conclude the magistrate, in permitting Handley to remain anonymous but endorsing the substance of his testimony on the warrant, substantially complied with § 751.4 and acted within constitutional guidelines for the issuance of search warrants.

We therefore hold the warrant was issued on a proper showing of probable cause, the search conducted thereunder was reasonable, and trial court was correct in refusing to suppress evidence obtained by virtue of the search.

III. At the close of the State's evidence, defendants moved for a directed verdict. No evidence was offered by defendants, but the motion was not renewed after defendants had rested.

■ Where a defendant's motion to direct a verdict, made at the close of state's evidence is denied, and no further evidence is submitted it is not necessary for defendant to renew such motion in order to preserve any alleged error for review in this Court. See State v. Hansen, 226 N.W.2d 343, filed this date; State v. Allison, Iowa, 206 N.W.2d 893, 894; State v. Niccum, 190 N.W.2d 815, 823 (Iowa 1971).

Defendants concede their dependence in this regard upon a finding of error in the admission of the evidence seized pursuant to the warrant, and that if this court reaches a conclusion the warrant was properly issued there remains no basis for their claim of error in the court's overruling the motion for directed verdict.

We find no error, and therefore affirm trial court.

Affirmed.